*412 DECISION
Introduction
This case comes before the Ho-Chunh Nation Supreme Court on appeal of the Trial Court’s Order, (Final Judgment in CV 08-79 and CV 08-83, dated October 8. 2010), upholding the GRB’s decision to award Mr. Twin $10,000 in damages. It is the conclusion of the HCN Supreme Court that the Trial Court abused its discretion by failing to consider facts and evidence necessary to decide the case. This Court remands to the Trial Court to conduct a thorough analysis, looking at all the substantial evidence, of whether the GRB decision is arbitrary and capricious. It also remands so that the Trial Court may consider Appellants’ arguments in full by allowing Appellants to submit a brief.
Standard of Review
This Court’s standard of review for Trial Court cases is an “abuse of discretion” standard. As held in Sharon Williams v. HCN Insurance Review Commission, SU 08-01 (HCN S.Ct, Oct. 29. 2008), The Supreme Court “will uphold the Trial Court’s findings ‘absent a showing that the Trial Court somehow7 failed to make a necessary finding, ignored the great weight of the evidence, or otherwise abused it’s (sic) discretion in making findings of fact.’ ” The Supreme Court may review questions of law or Constitutional interpretation de novo. Id.
*413 Statement of Facts
Appellee Kenneth Lee Twin worked as the Director of the Department of Administration’s MIS Division in the HCN Executive Branch. On December 16, 2003, the Department of Personnel (hereinafter DOP) approved Appellee Twin for an extension on his medical leave. While on leave, Appellee Twin changed residences. He told the Department of Treasury (hereinafter DOT) of his move, but failed to notify the DOP. On March 1, 2004, the DOP sent a letter to his former residence warning him that his FML period was about to terminate and that if he did not return to work by March 4, 2004, his employer would consider him to have voluntarily resigned. Mr. Twin, having moved to a new address, did not receive this notification. He did not return to work on March 4, and the DOP considered him to have voluntarily resigned.
In 2006 this Court found that the DOFs notification to Mr. Twin of his impending voluntary resignation violated due process. Nevertheless, the Court remanded to the Grievance Review Board (hereinafter GRB) to determine whether Mr. Twin was entitled to due process in the first place, given that his notification to the DOT of his address change may have been insufficient. After the GRB failed to make this determination, the Trial Court remanded to the GRB with the same orders as this Court. The GRB ultimately decided to award Appellee Twin $10,000 based on the Supreme Court’s statement that Appellee Twin had not received due process. The Trial Court upheld this decision.
In January 2011, Appellants filed an appeal to this Court. Appellants argued that the Trial Court abused its discretion in three ways. First, because the Trial Court did not consider the substantial evidence found by the GRB, and it should have examined the apparent inconsistency between the GRB’s findings and its decision. Second, that the Trial Court should have re-opened briefing after Appellants missed the deadline. This missed deadline, Appellants argued, resulted from circumstances related to Attorney Murphy’s change in employment and therefore there was “good cause” to re-open briefing. Third, the Appellants argued that the Trial Court misread the GRB decision when it determined that the GRB had found a due process violation under the Nation’s older Personnel Policies and Procedures Manual.
Questions Presented
I. Did the Trial Court abuse its discretion by failing to address whether the GRB’s decision was arbitrary and capricious because there was no rational connection between the substance of the decision and the conclusion reached by the GRB?
II. Did the Trial Court abuse its discretion in denying the Appellants’ motion to reopen briefing?
III. Did the Trial Court abuse its discretion by finding that the GRB’s decision rested on the Personnel Policies and Procedures Manual and on appropriate due process considerations?
Discussion
I. Did the Trial Court abuse its discretion by failing to address whether the GRB’s decision was arbitrary and capricious because there was no rational connection between the substance of the decision and the conclusion reached by the GRB?
HCN R. Civ. P. 63(1) and the Employment Relations Act (hereinafter ERA) state that the Trial Court “shall not set aside or modify any agency decision, unless it finds that the decision was arbitrary *414 and capricious, unsupported by substantial evidence or contrary to law ...” According to Ho-Chunk precedent, this “deferential arbitrary and capricious review to an agency’s factual determinations” is an essential part of the Trial Court’s examination of agency decisions. Falcon v. Holler, SU 08-04 at 4 (HCN S.Ct. Feb. 6, 2009). See, e.g., Steve Garvin v. Jan Rousey, 7 Am. Tribal Law 213, 223 (HCN Tr.Ct. 2007) (“Courts then perform a two-tiered analysis, determining whether the adjudicative rule satisfies a substantial evidence standard, and, if so, whether the rule escapes a designation of arbitrary and capricious.”); Karen Bowman v. HCN Insurance Review Commission, CV 06-62 (HCN Tr. Ct., Jan. 10, 2007) at 13 (“The Court’s paramount inquiry is whether a reasoned conclusion from the record as a whole could support and explain the agency’s course of action.”).
Under federal precedent, arbitrary and capricious review entails that the court determines whether there is an “established ... scheme of ‘reasoned decision making’ ” in the agency’s analysis. Allentown Mack Sales and. Service, Inc. v. NLRB, 522 U.S. 359, 374, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998, quoting Motor Vehicle Mfrs. Ass’n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 52, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Under Ho-Chunk precedent, agencies “must make reasonable determinations based on substantial evidence.” Debra Knudson v. Ho-Chunk Nation, Treasury Dep’t, SU 98-01 (HCN S.Ct., Dec. 1, 1998, citations omitted) at 8. The Trial Court must make its decision based on these standards. When the executive agency does not consider essential facts or base its decision on substantial evidence, the Trial Court must find the decision to be arbitrary and capricious.
In 2009 the Trial Court remanded this case to the GRB. Kenneth Lee Twin v. HCN GRB, CV 08-79 (HCN Tr. Ct., September 4, 2009). That Remand Order di rected the Board to determine whether Appellee Twin had sufficiently notified the DOP of his change of address and whether, if he had not, this relinquished his righ. to receive due process from his employer. In the Remand Order the Trial Court acknowledged that the Supreme Court had already determined that Mr. Twin’s due process had been violated, and it interpret ed the higher Court’s decision to mean that the only remaining issue was whether Mr. Twin was entitled to his employee right to due process in the first place. The Trial Court cited the Supreme Court decision, which stated:
The rights of employees are attended by the obligation of each employee to provide the employer with information on a timely basis within their appropriate chain of command—should there be a need to request FML or any other type of leave. A question remains as to whether that obligation may be met by providing notice to a third party or through providing notice through infor mal and questionable means. Such mat ters are left to the triers of fact.
Kenneth Lee Twin v. HCN GRB, CV 08-79 (HCN Tr. Ct., September 4, 2009) at 14-15.
Based on the Supreme Court decision, and citing the requirements of the ERA. the Trial Court held that “[t]he GRB must determine whether Mr. Twin’s apparent notification to the Department of Treasury of his change in address proved sufficient under applicable law and/or ‘internal procedures and operating rules.’ ” Id. at 16. If it did not, then Mr. Twin’s right as an employee to due process would presum ably be waived.
*415 The GRB complied with the Trial Court’s directions and found that Mr. Twin’s notification to the DOT was insufficient. It examined Mr. Twin’s argument that “if one entity of the Nation is aware of an address change, all entities would be aware” and found that “[i]f this excuse holds any credibility, it is not with this Board.” Kenneth Lee Twin v. Dept. of Admin., 266.06T (GRB, March 23, 2010) at 7. The GRB determined that it was Mr. Twin’s responsibility to notify the DOP of his address change, not simply the DOT and that “[t]he DOP is under no statutory obligation to ‘spot-cheek’ employees who are or were on FML.” Id. at 8. This meant that his “notification of the Department of Treasury is not sufficient” and that his “separation from employment was a result of his disregard of the Nation’s formal FML procedures ...” Id. at 8.
Despite these strong findings against Mr. Twin, the GRB decided to award Mr. Twin $10,000 in damages. While the Board discussed the evidence against Mr. Twin in depth, it did not seem to make it a factor in its final decision. Instead, the Board ignored these facts and appears to have based its damages award of $10,000 on its perceived need to comply with the Supreme Court’s finding that there was a due process violation. The GRB emphasized its obligation to adhere to the Supreme Court’s earlier decision, stating that it does not have “license to deviate from the law, procedures, or established precedent.” Twin, 266.06T at 9 (GRB, March 23, 2010). The GRB took the Supreme Court decision to mean that they were required to find in favor of Mr. Twin since the Court had determined that the DOP’s notification of FML termination did not satisfy due process. This, however, could not have been the Supreme Court’s intent since it remanded the case back to the GRB to make further findings of fact that were only tangential to the question of whether Mr. Twin had received due process. The Trial Court also did not intend the GRB to base its decision on the Supreme Court’s due process ruling, finding that the Supreme Court wanted the GRB to explore the facts related to the sufficiency of Mr. Twin’s notification.
As a result, there was discrepancy between the GRB’s fact-finding and its conclusion. The Board found that Mr. Twin’s voluntary resignation ‘Vas a result of his disregard of the Nation’s formal FML procedures which he was both given a copy and should have known as member (sic) of management.” Twin v. Dept. of Admin., 266.06T (GRB) at 8. Yet the Board never applied this analysis to the ultimate decision, failing to address whether Mr. Twin’s irresponsible actions should deprive him of the right to due process.
The Trial Court should have noted the problematic discrepancy between the GRB’s findings of fact and its decision. The Trial Court should have employed the arbitrary and capricious and substantial evidence standards of review, which are encoded in Ho-Chunk law and are well-established in the courts. HCN R. Civ. P. 63. These standards of Trial Court review are meant to guard against circumstances like this one, in which most of the evidence supports a conclusion different from the final decision. Any complete analysis under these standards would have noted the disconnect between the evidence and the Board’s decision and declared the decision arbitrary and capricious as a result.
The Trial Court decision did not abide by this standard of review, even though the facts the GRB ignored were the very ones the Trial Court ordered it to find in the Remand Order. In the intervening months between the Trial Court’s 2009 Remand Order and its 2010 decision, the Trial Court seems to have forgotten the *416 purpose of its original remand. It never addressed the discrepancy between its Order and the GRB decision, and instead focused almost exclusively on the GRB’s choice of law, which should not have been a factor. The Trial Court should have noticed the GRB’s failure to abide by its own Remand Order and to connect the relevant facts to its decision.
It is not for this Court to decide whether the disconnect between the GRB’s findings of fact and its decision should lead the Trial Court to come to a different conclusion and change the damages awarded to Mr. Twin. It is for this Court to uphold the standards of judicial review and find that any failure on the part of the Trial Court to employ them is an abuse of discretion. Since the Trial Court did not adequately carry out its duty of full arbitrary and capricious review, its decision to uphold the GRB conclusion constitutes an abuse of discretion.
II. Did the Trial Court abuse its discretion in denying the Appellants’ motion to reopen briefing?
The Trial Court abused its discretion by not granting Attorney Murphy a continuance for filing his brief. The Trial Court “maintains discretion to grant continuances upon a showing of good cause,” HCN R. Civ. P. 63(J). The purpose of this rule is to ensure that the court operates in an efficient and timely manner, but not at the expense of a fair trial. In this instance, denying Appellants’ motion to reopen filing came at the expense of a fair trial, and without the benefit of significantly improving the trial’s efficiency. The Trial Court therefore abused its discretion by allowing this to happen.
The facts indicate that there was good cause for Murphy’s late filing. His failure to file the brief on time is not the result of his own tardiness but is rather the result of employment circumstances, as well as procedural errors by the Trial Court and perhaps the Department of Justice (hereinafter DOJ). Because he was leaving the firm, Murphy had asked the Trial Court to serve a copy of the Scheduling Order to himself or Whyte Hirschboeck Dudek, his former employer, in order to ensure that whomever the Attorney General assigned to the case would have it. In light of the circumstances, this was a reasonable request. The Trial Court failed to fulfill the request, meaning that Murphy did not have the information indicating when the brief was due until it was too late. Since Murphy was unaware of the deadline due to the Trial Court’s error, not any failure on his part, the Trial Court should have found that there was good cause to re-open briefing since this would remedy the situation its clerical error caused.
The Trial Court’s argument that Murphy should have inquired into the Scheduling Order deadline is severely weakened by the fact that he was not assigned to the case at the time the Order was issued. He also reasonably expected all paperwork to be in the file he obtained from Whyte Hirschboeck, as he had requested of the Trial Court.
The Trial Court also rests its opinion on the flimsy argument that Attorney Murphy “should have known” the filing deadline regardless of whether he received the Scheduling Order since he had filed the Petition for Administrative Review. Twin. CV 08-79 at 18 (October 8, 2010). Were this to be the standard, the Trial Court would be under no obligation to issue Scheduling Orders at all, so long as the attorney filed the Petition for Administrative Review. It would also mean that future attorneys in a similar situation would be placed at a disadvantage and could not rely on the Court to notify them of scheduling. Murphy had every reason to be- *417 Heve that any deadline notification would be contained in his file. Perhaps other attorneys would have been able to discover the deadline before it had passed, but the fact remains that Murphy had good cause for not knowing it.
Furthermore, the fact that the DOJ may have failed to comply with the initial briefing deadline and its duty to “[pjrovirle expert legal advice and competent representation ...” Kenneth Lee Twin v. HCN Grievance Review Board, CV 08-17, at 8 (HCN Tr. Ct., October 8, 2010), should have no bearing on the Trial Court’s decision. The DOJ was tasked with assigning the case to an attorney and was not itself the Appellees’ advocate. Any failure on the part of the DOJ is independent of the Appellees’ responsibility and should not in any way undermine the Appellees’ ability to present their arguments. In fact, were the Trial Court to find that the DOJ was to blame for the situation, not Murphy, it would show that he was a victim of circumstances and other parties’ errors. That would be enough for the Trial Court to find good cause to re-open briefing.
By disallowing Appellants’ motion to reopening briefing, the Trial Court created an impediment to arriving at a just and thorough decision. With the exception of the Traditional Court, the judicial system of the Ho-Chunk Nation is founded upon an adversarial legal system, similar to that of the U.S. federal and state governments. Under an adversarial legal system each party has an advocate who does her best to persuade an impartial court to find that her argument has the most merit. Simultaneously, each advocate attempts to discredit arguments by the opposing party. The theory of this system is that, through the advocates’ verbal and evidentiary dueling, ultimately the court will arrive at the truth. Any illegitimate argument, in theory, will be discredited by the opposing party, while any argument with merit will bolster that party’s case. This results in a “survival of the fittest” phenomenon. The D.C, Circuit has found that “it is adversary procedure devices which permit testing and elucidation that raise information from the level of mere inconsistent data to evidence ‘substantial’ enough to support [a holding].” Mobil Oil Corp. v. Federal Power Commission, 483 F.2d 1238, 1261 (D.C.Cir.1978).
The Trial Court, by denying Murphy’s motion to re-open briefing, dismembered this adversarial system. Adversarial justice does not work when the two parties do not have equal opportunities to present their arguments to the court. If one party is placed at an advantage over the other, the outcome of the case is more likely to deviate from the truth. The truth in an adversarial system is possible only when the parties have evenly balanced opportunities to bring their case before the court. This should have been cause enough to tip the balance in Appellants’ favor. The Trial Court’s decision not to grant a continuance ignored this consideration and is therefore an abuse of discretion.
This Court does not want to set a precedent for liberalizing the Ho-Chunk Nation Rules of Civil Procedure, and this decision should not be seen as a “green light” for attorneys to flout the filing deadlines. Today’s decision cannot be generalized to all other cases. It pertains to unique circumstances, largely outside of Attorney Murphy’s control, and therefore calls for unique accommodations. The strict filing standards have not changed, and the Trial Court should continue to uphold them. However, in this particular instance, this Court finds that there was good cause to re-open briefing and that the Trial Court abused its discretion by not doing so.
*418 III. Did the Trial Court abuse its discretion by finding that the GRB’s decision rested on the Personnel Policies and Procedures Manual and on appropriate due process considerations?
This is an issue that should never have been prominent in the Trial Court’s decision. The question of whether the Trial Court abused its discretion by misinterpreting the GRB decision is, in truth, only peripherally related to what the decision should have rested upon—namely, the question of whether Mr. Twin was entitled to due process, not whether due process existed. The GRB analyzed the choice of law under which it would find a due process violation but without any need to do so since the Supreme Court had already resolved the question of due process. The Trial Court should not have been concerned with the GRB’s choice of law as it related to whether the DOP had satisfied due process. It instead should have focused on the evidence that its 2009 remand ordered the GRB to find.
The question, therefore, is not whether the Trial Court abused its discretion by finding that the GRB’s decision rested on the Personnel Policies and Procedures Manual. Instead, the Trial Court abused its discretion by basing its holding on this question of choice of law in the first place and by not considering the relationship between the substantial evidence and the GRB’s conclusion.
Conclusion
The Trial Court abused its discretion by failing to address whether the GRB’s decision was arbitrary and capricious. It did not examine whether there was a rational connection between the substance of the Board’s decision and its conclusion. It also denied Appellants a proper trial by refusing to re-open briefing. When the Supreme Court determines that the Trial Court failed to fully set forth all the facts necessary to resolve a case, it may issue a remand. Sherry Wilson v. HCN Personnel Dept., SU 06-01 (HCN S.Ct., Sept. 21, 2006). Therefore, the Trial Court decision is overturned. The case is remanded to the Trial Court to make a decision based upon the GRB’s findings of fact and determine whether these facts support the GRB’s award of $10,000. This Court urges the Trial Court to take into account the GRB’s vehement statements that Mr. Twin was to blame for the situation, as well as the fact that the GRB stressed that it only rendered its decision in order to comply with the Supreme Court. The Trial Court is also to allow Appellants to submit their brief and to consider all of their arguments in full.
EGI HESKEKJET.
CONCURRENCE
I concur with the majority that the Trial Court abused its discretion by failing to reopen briefing and by ignoring the great weight of the evidence the Grievance Review Board (hereinafter GRB) had found. I concur in order to express my objection to the Supreme Court’s initial determination in 2006 that there was a due process violation. I believe that this Court’s 2006 decision that there was a due process violation was premature and should be reevaluated.
The conclusion that there was a due process violation was based upon an incomplete record. Article VII § 7(a) of the Constitution of the Ho-Chunk Nation states, “The Supreme Court shall have the power to interpret the Constitution and laws of the Ho-Chunk Nation and to make conclusions of law. The Supreme Court shall not have the power to make findings of fact except as provided by enactment of the Legislature.” Where a record is in *419 complete, the Supreme Court should not make a ruling based on its own factual determinations. This should be left to the Trial Court, which is empowered to “make findings of fact and conclusions of law.” Const., Art. VII, § 6(a). In cases involving employee rights, the GRB is charged with making the findings of fact. Employment Relations Act § 34. The Trial Court then reviews this record and may supplement it if parties request to submit additional evidence. ERA § 35(e).
The GRB and the Trial Court are responsible for creating the record, which the Supreme Court then reviews. They hear the witness testimony and make credibility determinations. Because they are intimately familiar with the facts of the case, they are the appropriate bodies to make factual decisions. Had the GRB or Trial Court made the final determination on whether or not the Department of Personnel satisfied due process, they might have come up with a different conclusion after gathering all the relevant facts. The Supreme Court’s expertise lies with interpreting the Constitution and Ho-Chunk law. It make these interpretations in light of the Trial Court’s findings, not its own, and should not be making determinations based on an incomplete record. The Supreme Court may not simply “fill in” the holes in a record in order to arrive at a conclusion.
The GRB was correct to abide by the Supreme Court’s decision. “Any decision of the Supreme Court shall be final.” Const., Art. VII, § 7(c). The HCN Supreme Court’s decision is binding on all legal bodies and must be upheld. However, the Supreme Court may recognize its own error and amend its decision. There are several instances of this in the U.S. Supreme Court. See, e.g. Alderman v. US, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) (Previous decision vacated and case remanded to the U.S. District Court for the District of Colorado for deposition); Bakery Drivers Local v. Wohl, 315 U.S. 769, 62 S.Ct. 816, 86 L.Ed. 1178 (1942) (Originally affirmed a judgment sustaining an injunction, reversed on reconsideration); Brenham v. German American Bank, 144 U.S. 549, 12 S.Ct. 975, 36 L.Ed. 399 (1892) (Previous decision vacated and case remanded to lower court).
I would therefore reexamine the Supreme Court’s earlier finding that there was a due process violation and remand to the GRB to make this determination for itself. The GRB should follow the Supreme Court’s implied instructions to determine “whether [Mr. Twin’s] obligation may be met by providing notice to a third party or through proriding notice through informal and questionable means.” Kenneth Lee Twin v. McDonald, SU 05-09 (HCN S.Ct., July 3, 2006) at 15. Were the GRB to determine that Mr. Twin was not entitled to due process, the Supreme Court’s earlier finding that there was a due process violation would not matter. However, were the GRB to determine that Mr. Twin was entitled to due process, the Board should decide for itself whether or not that due process standard had been met. The GRB should decide this in light of a full record.